CLARENCE E. McMANUS, Judge.
Defendant, Jeanette L. Ackel, appeals from a judgment confirming a default taken against her by plaintiff, Darlene Parent Ackel. For the reasons that follow, we annul the default judgment and remand this matter for further proceedings.
On February 5, 2003, defendant instituted an executory process against property being occupied by plaintiff under a valid lease. As a result, plaintiff filed a petition for injunction, which was granted by the trial court. Defendant then dismissed the petition for executory process.
On March 11, 2004 plaintiff instituted this action for damages, alleging that defendant’s actions were in bad faith and constitute an abuse of civil process. Plaintiff contends that she incurred attorney’s fees, cost and expenses, and suffered emotional distress and mental anguish from fear of being evicted from her residence. On April 2, 2004, defendant’s request for extension of time was granted and defendant was given until May 7, 2004 to filed responsive pleadings. On May 17, 2004, a preliminary default was entered against defendant. The hearing to confirm the default was held on May 24, 2004, at which time the trial court orally confirmed the default judgment against defendant. On June 1, 2004, defendant filed her answer. On June 14, 2004, the trial court signed its judgment, confirming the default and awarding damages to the plaintiff. On June 25, 2004, the trial court | ^denied defendant’s motion for new trial. Thereafter, on July 23, 2004, defendant filed her motion for appeal.
In brief to this Court, defendant alleges that the trial, court erred in failing to grant the new trial on the basis that an answer had been filed before a judgment confirming the default was signed. The defendant further alleges that the trial court erred in failing to annul the judgment on the basis of vice or ill practice, and that plaintiffs evidence to support the confirmation of the default judgment was insufficient as a matter of law.
A defendant may file his answer at any time prior to confirmation of a default judgment against him. LSA-C.C.P. art. *1139 1002. A default judgment formally granted after an answer is filed constitutes an absolute nullity under LSA-C.C.P. art. 2002. Filing an answer after a default judgment is orally confirmed but prior to its signing operates to nullify the judgment and requires a trial on the merits. Martin v. Martin, 95 2557 (La.App. 1 Cir. 9/27/96), 680 So.2d 759, writ denied, 96-2622 (La.12/13/96), 692 So.2d 1065; State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929, 94-0639 (La.App. 4 Cir. 11/30/94), 646 So.2d 492, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254.
In this case, the answer was filed prior to the signing of the confirmation of the default judgment, and therefore that judgment is an absolute nullity.
Because we find merit to the defendant’s first allegation of error, we need not address the remaining allegations.
For the above discussed reasons, the trial court’s judgment confirming the preliminary default and awarding damages to plaintiff is annulled and the matter is remanded for further proceedings.

JUDGMENT ANNULLED; CASE REMANDED.