ROBERTA. CHAISSON, Judge.
12This is an appeal by Christy Davis from a judgment dismissing without prejudice her suit against Steve Caraway, Chief of Police for the City of Kenner, for plaintiffs failure to request service of process within 90 days of filing suit. For the following reasons, we reverse the judgment.
FACTS AND PROCEDURAL HISTORY
On June 26, 2010, Christy Davis’s son was fatally shot at a location several blocks away from a block party for which Chief Caraway’s office had issued a permit. Ms. Davis filed this suit on June 27, 2011, on her own behalf and as tutrix of the deceased victim, and named Chief Caraway and the City of Kenner, as well as the perpetrators of the crime, as defendants.
On August 30, 2011, Chief Caraway urged the declinatory exceptions of improper citation and service of process, and the dilatory exception of vagueness. A hearing was set on the exceptions for February 2, 2012, but it was continued until March 12, 2012, at the request of Ms. Davis’s new counsel, who had been retained on January 31, 2012. The exception of vagueness was directed to questions about Ms. Davis’s relationship to the victim. The exception relating to the adequacy of citation raised the question of whether service had been accomplished in accordance with the requirements of La. C.C.P. art. 1265. That ^article requires that service on a public official be made on him personally or at his office. Here, service was made at the Kenner Mayor’s Office, rather than on Chief Caraway personally or at his office.
The trial judge sustained the exception of insufficiency of service and granted Ms. Davis reasonable time within which to perfect service. She then made an additional request for service on Chief Caraway, which service was made on March 22, 2012. Chief Caraway then urged a motion for involuntary dismissal, alleging that Ms. Davis had failed to request service within 90 days of filing her suit as required by La. C.C.P. art. 1201(C), and asking that the case against him be dismissed without prejudice as provided in La. C.C.P. art. 1672(C). The motion was granted and the suit was dismissed without prejudice. This appeal followed.
LAW AND ANALYSIS
Pursuant to La. C.C.P. art. 1201(C), “service of the citation shall be requested on all named defendants within ninety *416 days of commencement of the action.” This statute further provides that “[t]he requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a decli-natory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.” Further, La. C.C.P. art. 1672(C) provides that “[a] judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested.... ” A third statute, La. R.S. 13:5107(D), makes the 90-day service rule applicable to suits in which a political subdivision is made a defendant. Section (D)(2) of this latter statute provides that L“the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the [90 day period].” All three statutes use the mandatory shall.
We note initially that our supreme court has repeatedly held that the “good cause” requirement of La. C.C.P. art. 1672(C) is to be strictly construed. See e.g. Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport, 02-2576 (La.2/7/03), 841 So.2d 725. It is also the rule that confusion as to how or upon whom service must be made is not “good cause” for not properly requesting service timely, especially where any uncertainty could have been resolved by reference to the controlling statute. Taylor v. LSU Medical Center, 38,944 (La.App. 2 Cir. 10/14/04), 892 So.2d 581, writ denied, 05-0480 (La.5/20/05), 902 So.2d 1049. Although the rule of strict construction in the above cases has involved the narrow issue of “good cause,” our appreciation of these cases is that the entire statutory scheme relating to the 90-day request for service is subject to the same rule of strict construction.
In the present case, there is no question that proper service was not requested within 90 days of filing suit. Neither is there any evidence to establish “good cause” as to why proper service could not have been requested timely. The only remaining issue, therefore, is whether Chief Caraway complied with La. C.C.P. arts. 1201(C) when he filed his motion for involuntary dismissal. According to that article, if Chief Caraway wished to raise the issue of failure to request service within 90 days of filing suit, he was required to urge the declinatory exception of insufficiency of service of process specifically alleging failure of Ms. Davis to timely request service. Instead, Chief Caraway urged a motion for involuntary | ¡^dismissal.[1] Strict construction of the applicable statutes mandates that this pleading be deemed ineffectual to raise the issue of failure to request service within the 90-day window. Thus, the judgment dismissing the suit without prejudice, based on this pleading, was error, and must be vacated.
CONCLUSION
For the foregoing reasons, the judgment dismissing without prejudice the suit *417 against Steve Caraway, Chief of Police of the City of Kenner, is hereby vacated, and the matter is remanded to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED

. We are aware of Filson v. Windsor Court Hotel, 04-2893 (La.6/29/05), 907 So.2d 723, holding that the versions of La. C.C.P. art. 1201(C) and 1672(C) in effect when the case was decided required that the proper procedure to raise the issue of failure to request service within 90 days of filing suit was by way of a motion for involuntary dismissal. However, that case has been legislatively superseded. See Acts 2006, No. 750, sec. 1.