ROBERT M. MURPHY, Judge.
| p.St. John the Baptist Parish School Board (the “Board”) employee Marie Jackson appeals the May 2, 2012 trial court judgment denying her motion to confirm a January 30, 2012 preliminary default entered against the Board based on insufficient service of process and dismissing her petition without prejudice. For the reasons that follow, we affirm in part, reverse in part, and remand.
*166 FACTS AND PROCEDURAL HISTORY
The first issue in this case is the applicable service of process provision to effect service on a school board. The background facts include that appellant Marie Jackson had worked as a year-round bookkeeper for the Board for 37 years. On July 9, 2011, Ms. Jackson was allegedly struck in the eye and chest by a student attending a summer feeding program at Garyville/Mt. Airy Math and Science Magnet School. On December 19, 2011, Ms. Jackson filed a petition for benefits under La. R.S. 17:1206.1(A)(1)[1] seeking sick leave without reduction in |spay and without reduction in accrued sick leave days. She produced a physician’s certificate documenting an injury, made amicable demand, and contended she was denied benefits to which she was entitled. In his affidavit, Dr. Dominic Arcuri, III, testified that Ms. Jackson is suffering from stress and anxiety and that she should not return to work for the foreseeable future. He also noted that the offending student was permitted to remain at the same school where the incident occurred.
She requested service of her petition on the Board through its President, Patrick H. Sanders, at the Board’s offices located in Reserve, Louisiana. Despite her specific request, “domiciliary” service was made on a Board employee, Kim Scioneaux, at the Board’s address on January 3, 2012. On January 23, 2012, Ms. Jackson moved for entry of a preliminary default on the basis of this domiciliary service and the Board’s failure to timely file responsive pleadings. On January 30, 2012, a preliminary default was entered; on February 17, 2012, plaintiff counsel personally mailed a certified copy of the petition, motion, and preliminary default judgment to the Board through its President which was received on February 23, 2012.
On March 16, 2012, Ms. Jackson’s motion for confirmation of the preliminary default was submitted and taken under advisement. On May 2, 2012, the trial court denied the confirmation and dismissed plaintiffs claims without prejudice. The trial judge found La. R.S. 17:51 service requirements to control:
[T]he above referenced statutory provision (R.S. 17:51), chosen by the plaintiff [in her service instructions] was proper as it is specific to school boards in this type of action. Therefore, it is unnecessary to discuss other service provisions.
|4The trial judge further found domiciliary service insufficient as “domiciliary” pertains to “dwelling house or usual place of abode,” under La. C.C.P. art. 1234, and is inapplicable to the instant facts where an employee was served at his office. On May 10, 2012, Ms. Jackson filed a motion for a new trial as to the trial court’s May 2, 2012 dismissal of the matter for failure to personally serve the defendant with the petition. Ms. Jackson contended that the *167 “judgment appears contrary to the law and evidence” under La. C.C.P. art.l972(l).
At the May 10, 2012 hearing on the motion for a new trial, Ms. Jackson argued that service on the Board was proper under La. C.C.P. art. 1265, pertaining to service on political subdivisions, and that the trial court erred in dismissing her claim with prejudice. La. C.C.P. art. 1265 requires service on a municipal board on its executive officer or, in his or her absence, on any employee thereof. The trial court denied the motion for a new trial and assigned reasons on the same date. The trial court held that the plaintiff erroneously claimed that the Court had dismissed her claim with prejudice. The court also found that the more specific service article on school boards, La. R.S. 17:51, controlled:
[Pjlaintiff primarily asserted that service of process was not insufficient because pursuant to Louisiana Code of Civil Procedure Article 1265, a political subdivision such as a school board could be served via personal service on one of its employees of suitable age found at its office address. While this general article does allow for service or process by this method, a more specific statute, LSA-R.S. 17:51 controls this case and mandates that ‘.... [i]n all suits against school boards citation shall be served on the president of the board and in his absence on the vice-president.’ The record is clear that this was not done in this case. As a result, the Court found and still finds service to be insufficient.
The trial court emphasized that it dismissed the case without prejudice and that the plaintiff “remains free to amend her lawsuit, if necessary and re-file it to properly effectuate service.” Alternatively, the trial court asserted that it “also 15gave the plaintiff the option to correct the defect in the service and perfect service upon the defendant within the same lawsuit.”
ISSUES ON APPEAL
On appeal, Ms. Jackson raises three assignments of error:
1. The trial court erred in finding that service upon the St. John the Baptist Parish School Board was insufficient.
2. The trial court erred in refusing to confirm a default judgment against the St. John the Baptist Parish School Board.
3. The trial court erred in dismissing Marie Jackson’s claims for an alleged insufficiency of service of process.
STANDARD OF REVIEW
The standard of review regarding the exception of insufficient service of process requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Taranto v. Louisiana Citizens Prop. Ins. Corp., 10-105 (La.3/15/11), 62 So.3d 721, 726. The granting or denying of a motion for a new trial rests within the wide discretion of the trial court, and its determination should not be disturbed absent a clear abuse of discretion. State of La., DOTD v. August Christina & Bros., Inc., 97-244 (La.App. 5 Cir. 2/11/98), 716 So.2d 372.
LAW AND DISCUSSION
Assignments of error one and two bear on determining the requirements to effect service on a school board.
La. R.S. 17:51 provides in part:
There shall be a parish school board for each of the parishes, and these several parish school boards are constituted bodies corporate with powers to sue. The legislature hereby authorizes suits against any parish school board for the enforcement of contracts entered into by *168 the school board or for recovery of damages for the breach thereof, without necessity of any further authorization by the legislature. No other suits may be instituted or prosecuted against any parish school board unless in each individual case the legislature first has granted to the party or parties plaintiff the right to sue the particular school board, as provided in Section 26 of Article XIX and Section 35 of Article III of the Louisiana Constitution. In suits against \ ^school boards citation shall be served on the president of the board and in his absence on the vice-president. (Emphasis added).
Ms. Jackson argues that the trial court erred in holding that the only available method of service was that set forth in La. R.S. 17:51.
Ms. Jackson suggests that La. C.C.P. art. 1265 provides a viable alternative method to effect service on a school board as a political subdivision:[2]
Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.
If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.
Ms. Jackson argues that service on Ms. Scioneaux, a Board employee, was sufficient to effect service.
Ms. Jackson further contends that La. R.S. 13:5107(B) provides for yet another alternative method of service for political subdivisions:
In all suits against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. If no agent or agents are designated for service or process, as shown by the lack of such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency or officer through whom suit is to be filed against. (Emphasis added).
]7We first find that La. R.S. 13:5107 is inapplicable to the facts at hand. Neither party claims that there was a designated *169 agent for service of process for the Board, or that Ms. Scioneaux was such an agent designated under this article for Ms. Jackson to have accomplished service on the Board.
We further find that the more specific application of La. R.S. 17:51 to school boards controls: “In suits against school boards citation shall be served on the president of the board and in his absence on the vice-president.”[3] (Emphasis added). When two statutes apply to the same situation, the specific statute applies over the general one. Silver Dollar Liquor, Inc. v. Red River Par. Police Jury, 10-2776 (La.9/7/11), 74 So.3d 641. La. R.S. 17:51 and La. C.C.P. art. 1265 both arguably apply to service of citation on political subdivisions. As La. R.S. 17:51 applies to the school board entity at issue here, we find that La. R.S. 17:51, requiring service on the president of the board, exclusively controls. Service in the record, characterized as “domiciliary” on a school board employee, was therefore insufficient to join the issues to take a default.
In her brief, Ms. Jackson avers for a liberal construction of the procedural articles pursuant to La. C.C.P. art. 5051. We find however that statutory law pertaining to service of process has been strictly construed. See Barnett v. Louisiana State Univ. Med. Center-Shreveport, 02-2576 (La.2/7/03), 841 So.2d 725 (plaintiffs are strictly held, for example, to the obligation of serving the correct agent for service of process).
IsWe find that without proper service the trial court did not error in denying confirmation of the entry of default. Beevers v. Burmaster, et al., 00-1951 (La.4/11/01), 787 So.2d 381.
Assignments of error one and two therefore lack merit. We therefore do not reach the merits of Ms. Jackson’s claim for sick leave benefits under La. R.S. 17:1206.1(A)(1).
In her assignment of error number three, Ms. Jackson complains of the dismissal of her claims for alleged insufficiency of service of process. This requires the Court’s evaluation of the trial court’s judgments of denial of confirmation and denial of the motion for a new trial.
A review of the judgments at issue shows that the dismissal was without prejudice. The May 2, 2012 Judgment denying confirmation reads, “For the foregoing reasons, plaintiffs Motion to Confirm a Default, is Denied and the matter is dismissed without prejudice.” The June 8, 2012 Judgment denying the motion for a new trial provides an option:
At the hearing, the Court re-emphasized that the plaintiffs claim was dismissed without prejudice; she therefore remains free to amend her lawsuit, if necessary and re-file it to properly effectuate service. In the alternative, however, the Court also gave the plaintiff the option to correct the defect in service and perfect service upon the defendant within the same lawsuit. (Emphasis hers).
*170 The judgment denying the motion for confirmation contradicts the latter judgment denying the motion for a new trial to the extent that the first judgment requires a new filing and the latter does not.
La. C.C.P. art. 932(A) provides in part: When the grounds of the objections pleaded in the declinatory exception [insufficiency of service, La. C.C.P. art. 925(2) ] may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court[.] (Emphasis added).
|flThe trial court effectively sustained the exception of insufficiency of process in denying the motion to confirm the default. We therefore find the trial court erred in its May 2, 2012 Judgment denying confirmation based on insufficient service by not permitting Ms. Jackson to request reser-vice on the Board within a specified delay.
Assignment of error number three has merit. We therefore reverse the trial court’s dismissal of the action.
The Board filed its answer on May 18, 2012, after the May 2, 2012 judgment of dismissal and before the June 8, 2012 hearing/judgment denying a new trial. The filed answer prevents any judgment of default or award on the merits. See Ackel v. Ackel, 05-97 (La.App. 5 Cir. 5/31/05), 905 So.2d 1137 (holding that filing of an answer up to the time of signing of judgment renders the judgment an absolute nullity). With the dismissal vacated, and the Board’s answer filed, we find the issues joined and there is no need to serve the Board again.
CONCLUSION
In light of the foregoing reasons, we affirm the trial court’s denial of confirmation of the May 2, 2012 default judgment based on insufficient service on the Board under La. R.S. 17:51. Further, we reverse the trial court’s May 2, 2012 judgment insofar as it dismissed Ms. Jackson’s suit. With a timely answer filed, the case can now proceed. The matter is remanded for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

. La. R.S. 17:1206.1(A)(1) provides:
Any employee of the parish or city school boards of this state, as the word "employee" is defined in R.S. 17:1205, who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person, shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while injured or disabled as a result of such assault or battery; however, when such employee is absent for six or more consecutive days as a result of such injury or disability, he shall be required to present a certificate from a physician certifying such injury or disability.
La. R.S. 17:1205 defines an "employee” as: Any person in the employ of any parish or city school board of the state of Louisiana who is not a teacher or whose employment does not require the holding of a teacher’s certificate or who is not employed as a bus driver.

. A school board is a “political subdivision” of the State of Louisiana. La. R.S. 13:5102(B)(1).

. The trial court made conflicting references to La. R.S. 17:51. In its May 2, 2012 denial of confirmation, the trial court referred to the statute’s "mandatory language” followed by a correct quoting of the statute: "citation shall be served on the president of the board and in his absence on the vice president.” (Emphasis hers). In its June 8, 2012 denial of plaintiff's motion for a new trial, however, the trial court mistakenly quoted La. R.S. 17:51 ".... [i]n all suits against school boards, citation shall be served....” (Emphasis added). The trial court’s inadvertent adding of the word "all” did not alter the mandatory language of the applicable statute.