FREDERICKA HOMBERG WICKER, Judge.
| ..This is an appeal by Christy Davis from a judgment dismissing her suit against Steve Caraway, Chief of Police for the City of Kenner, for plaintiffs failure to request service of process within 90 days of filing suit. For the following reasons, we affirm the judgment.
FACTUAL AND PROCEDURAL HISTORY
On June 26, 2010, Terance Augustine was fatally shot in the 200 block of 27th Street in Kenner, Louisiana. On Monday, June 27, 2011, Mr. Augustine’s mother, Christy Davis (hereinafter “Ms. Davis”), filed suit against Steve Caraway (hereinaf *224 ter “Chief Caraway”) in his capacity as Chief of Police of the City of Kenner, the City of Kenner, Lasonya Lathers, individually and on behalf of her minor son, Charles Lathers, and Nicole Wilson, individually and on behalf of her minor son, Tory Clark.[1]
LMs. Davis’s petition alleges that two individuals “unlawfully discharged guns in the area of Greenwood Street in Kenner, Louisiana, at a block party, striking an innocent bystander Terance Augustine.” The petition further alleges that Chief Caraway signed off on an application requesting a permit for a block party on the 2700 block of Greenwood Street in Kenner, and that Chief Caraway’s alleged failure to require the permit applicant to have a police officer at the party created “an undue risk of harm to the public.”
On August 30, 2011, the City and Chief Caraway filed Exceptions of Vagueness and Improper Citation and Service of Process on Chief Caraway. The Exception of Improper Citation and Service of Process was brought on the grounds that Chief Caraway, a public officer, was improperly served at the Mayor’s Office rather than either personally or at his office.[2] Defendants’ Exceptions were scheduled for hearing on October 13, 2011.
On October 6, 2011, Ms. Davis’s counsel requested a continuance of the hearing on Defendants’ Exceptions. The Exceptions were beset for February 2, 2012. On January 31, 2012, Ms. Davis’s counsel requested a second continuance of the hearing on Defendants’ Exceptions. The Exceptions were reset for March 12, 2012.
On March 12, 2012, following a hearing and submission of evidence, the trial court granted Defendant’s Exceptions of Vagueness and Insufficiency of Citation and Service of Process. The trial court signed a judgment to that effect on March 27, 2012. On March 22, 2012, nearly seven months after Ms. Davis was Lplaced on notice of the defective citation and service of process, Chief Caraway was sérved.
On April 3, 2012, Chief Caraway moved for an involuntary dismissal under La. C.C.P. Art. 1672(C) based on lack of timely service as prescribed by La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D). On May 15, 2012, the trial court granted Chief Caraway’s motion and dismissed Ms. Davis’s suit against Chief Caraway without prejudice. On March 27, 2013, this Court vacated the trial court’s May 15, 2012 Judgment because Chief Caraway failed to comply with La. C.C.P. art. 1201(C) when he filed his motion for involuntary dismissal without first filing an exception of improper service.[3] On April 16, 2013, Chief Caraway filed a declinatory exception of insufficiency of citation and service of process based on lack of timely service. On July 1, 2013, the trial court held a hearing and ultimately granted Chief Caraway’s Exception, dismissing Ms. Davis’s suit. The instant appeal follows.
DISCUSSION
We find that the trial court’s granting of Chief Caraway’s Exception of Insuf *225 ficient Citation and Service of Process was not manifestly erroneous. Chief Caraway did not waive his right to proper service within 90 days as required by La. R.S. 13:5107. Furthermore, Chief Caraway properly raised his Exception of Insufficient Citation and Service of Process at the earliest possible time. Therefore, we affirm the trial court’s judgment dismissing Davis’s suit.
All three of Ms. Davis’s assignments argue the trial court erred when it granted Chief Exception of Insufficient Citation and Service of Process because Chief Caraway had allegedly waived his right to proper service within 90 days as required by La. R.S. 13:5107. The standard of review for an appellate court 15regarding an exception of insufficient service of process is manifest error. Jackson v. St. John the Baptist Parish Sch. Bd., 13-103 (La.App. 5 Cir. 6/27/13); 121 So.3d 164,167.
Louisiana law specifically defines time limits for service on both named defendants in general and governmental entities, and their employees, in particular. Louisiana Code of Civil Procedure article 1201 states that service of citation shall be requested on all named defendants within 90 days of commencement of an action. More specifically, Louisiana law requires that:
[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
La. R.S. 13:5107.
The Louisiana Supreme Court has interpreted the 90-day service requirement in La. R.S. 13:5107 to require that an accurate request for service be made within that time period. Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport, 02-2576 (La.2/7/03); 841 So.2d 725, 726.
Ms. Davis uses the language of Louisiana Code of Civil Procedure articles 925, 928, and 1201 to argue that Chief Caraway has waived his Declinatory Exception of Improper Service by failing to include it when he filed his previous exceptions. Louisiana Code of Civil Procedure Article 928, entitled “Time of pleading exceptions,” states that:
The declinatory exception ... shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment.
| ^Louisiana Code of Civil Procedure article 925 provides that “[a]ll objections which may be raised through the declina-tory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.” (emphasis added). Louisiana Code of Civil Procedure article 1201 provides that:
The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.
*226 Ms. Davis argues that Articles 925, 928, and 1201 should be construed to prevent Chief Caraway from raising his Declinato-ry Exception of Improper Service because his previously filed exceptions constitute an express waiver.
Ms. Davis.misconstrues the plain meaning of Louisiana Code of Civil Procedure Article 925. The use of the word “may” indicates that only exceptions which could have been raised at the time of the previous filing are waived if not pled. When Chief Caraway filed his previous exceptions, 90 days had not passed since the commencement of the subject action. Therefore, it would have been improper for Chief Caraway to plead the exception at that time.
Furthermore, the more specific provisions of La. R.S. 18:5107 prevail over the general rules provided in Louisiana Code of Civil Procedure articles 925 and 928. In interpreting statutes, “where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” Filson v. Windsor Court Hotel, 04-2893 (La.6/29/05); 907 So.2d 723, 726. In addition, Louisiana jurisprudence dictates strict construction of statutory law pertaining to service of process. Jackson, 13-103 (La.App. 5 Cir. 6/27/13); 121 So.3d 164, 169. The specific statutory | ./provisions of La. R.S. 13:5107 require an express, written waiver of the 90-day service requirement in suits against-political subdivisions and their employees. The Louisiana Supreme Court has held that filing pleadings does not constitute an express, written waiver for purposes of La. R.S. 13:5107. Filson, 907 So.2d at 728. Chief Caraway has not expressly waived his right to timely service by written waiver as required by La. R.S. 13:5107, regardless of the provisions of Louisiana Civil Code Articles 925, 928, and 1201. Therefore, Chief Caraway has not waived his Exception of Insufficient Citation and Service of Process despite filing previous exceptions in this case. Accordingly, we find that under the facts of this case, Chief Caraway’s exception was properly filed and granted.
CONCLUSION
For the foregoing reasons, we find that the trial court’s granting of Chief Caraway’s Exception of Insufficient Citation and Service of Process was not manifestly erroneous. Accordingly, we affirm the trial court’s judgment dismissing this action.

AFFIRMED.

. Charles Lathers and Tory Clark were subsequently charged in criminal court for the murder of Terance Augustine.

. Louisiana Code of Civil Procedure article 1265 provides that:
Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.

.Davis v. Caraway, 12-643 (La.App. 5 Cir. 3/27/13); 113 So.3d 414, 415.