DONNA M. GILLY, WIFE OF/AND KURT KLEINDIENST

VERSUS

JAMES E. RICCIARDI, M.D., LSU HEALTHCARE NETWORK AND BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURE AND MECHANICAL COLLEGE

NO. 21-CA-381

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 767-497, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

April 13, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

**AFFIRMED**
    **SJW**
    **JGG**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DONNA M. GILLY, WIFE OF/AND KURT KLEINDIENST
     Anthony L. Glorioso

COUNSEL FOR DEFENDANT/APPELLEE,
PAMELA ANN KNOX RICCIARDI, AS THE SUBSTITUTED DEFENDANT
FOR JAMES E. RICCIARDI, M.D. AND THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE
     Jeffrey M. Landry
     Bryan J. Knight
     Mark E. Kaufman

**WINDHORST, J.**

In this medical malpractice action, plaintiffs/appellants, Donna Gilly and Kurt Kleindienst, appeal the trial court's December 23, 2020 judgment granting the exception of prescription filed by defendants/appellees, Pamela Ann Knox Ricciardi as the substituted defendant for James Ricciardi, M.D., the LSU Healthcare Network, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter collectively referred to as "LSU Healthcare Network"), thereby dismissing these defendants from this matter with prejudice. For the following reasons, we affirm.

**FACTS and PROCEDURAL HISTORY**

This is a medical malpractice action against state healthcare providers under La. R.S. 40:1237.1 et seq. for alleged medical malpractice related to medical care Dr. James Ricciardi provided to Donna Gilly, while he was employed by LSU Healthcare Network. Dr. Ricciardi provided the medical care at issue to Ms. Gilly in August 2006.

On August 2, 2007, plaintiffs initiated the Medical Review Panel ("MRP") process against Dr. Ricciardi only. On September 5, 2007, plaintiffs filed an amended complaint in the MRP to assert claims against the LSU Healthcare Network. The MRP convened on August 15, 2016, and ruled in favor of the named health care providers, and opined that the evidence did not support the conclusion that they failed to meet the applicable standard of care.

On December 16, 2016, plaintiffs filed suit against Dr. Ricciardi and the LSU Healthcare Network. Dr. Ricciardi died during the pendency of this litigation. After his death, pursuant to this Court's order, Pamela Ann Knox Ricciardi, the Independent Executor of Dr. Ricciardi's Estate, substituted herself as a defendant in his place.

In the petition, plaintiffs seek damages for injuries Ms. Gilly allegedly suffered from the surgery Dr. Ricciardi performed on her. Dr. Ricciardi performed a revision lumbar fusion on Ms. Gilly. Plaintiffs alleged that Dr. Ricciardi deviated from the standard of care in performing the operation because, after the surgery, a surgical screw inserted by Dr. Ricciardi was impinging on a nerve. This complication was identified soon after the surgery and was repaired within a few days of the initial operation.

On December 16, 2016, plaintiffs requested service of process on Dr. Ricciardi through Michelle Bourque, the attorney who represented defendants during the MRP proceedings. Plaintiffs did not request service of their petition on the LSU Healthcare Network until years later on August 29, 2019.

By letter dated March 14, 2017, Ms. Bourque informed plaintiffs that their requested service of Dr. Ricciardi on her did not comply with the law and that they had not requested service on the LSU Healthcare Network. This letter was mailed, faxed, and e-mailed a few days before the expiration of plaintiffs' ninety (90) day window to request service under La. R.S. 13:5107. According to defendants, Ms. Bourque did not have authority to accept service on behalf of Dr. Ricciardi because the State had not yet appointed her to represent defendants in this post-MRP lawsuit.

On August 23, 2018, the LSU Healthcare Network filed an exception of insufficiency of service of process and motion for involuntary dismissal, asserting that plaintiffs' failure to timely request service on LSU Healthcare Network warranted dismissal. On March 3, 2020, the district court granted this exception and dismissed the LSU Healthcare Network from this case without prejudice. On July 29, 2020, this Court denied plaintiffs' writ application challenging the judgment granting the exception of insufficiency of service of process.

On July 8, 2020, Dr. Ricciardi filed a motion for involuntary dismissal based on plaintiffs' failure to properly serve Dr. Ricciardi. On September 1, 2020, the

district court granted the motion for involuntary dismissal and dismissed Dr. Ricciardi without prejudice.

On September 2, 2020, plaintiffs filed a second supplemental and amending petition against the same defendants. In response, on October 13, 2020, defendants filed an exception of prescription, asserting that plaintiffs' claims in the second amended petition were prescribed. The district court granted this exception, thereby dismissing plaintiffs' claim against defendants with prejudice. Plaintiffs then filed a motion for reconsideration, which the district court denied. This appeal followed.

**LAW and ANALYSIS**

In this appeal, plaintiffs challenge the district court's granting of defendants' exception of prescription. Plaintiffs assert that service on Dr. Ricciardi through defendants' attorney during the MRP proceedings and this litigation is sufficient and that prescription was interrupted under the Gettys v. Wong, 13-1138 (La. App. 4 Cir. 5/7/14), 145 So.3d 460 case.

The standard of review of a district court's ruling on a peremptory exception of prescription is determined by whether or not evidence is introduced at the hearing on the exception. When no evidence is introduced, review of judgments sustaining an exception of prescription by appellate courts is *de novo*, accepting the facts alleged in the petition as true. Id.; Lennie v. Exxon Mobil Corporation, 17-204 (La. App. 5 Cir. 6/27/18), 251 So.3d 637, 642, writ denied, 18-1435 (La. 11/20/18), 256 So.3d 994. However, when evidence is introduced at a hearing on an exception of prescription, the district court's findings of fact are reviewed under the manifest error standard. Id.; Tenorio v. Exxon Mobil Corp., 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 273, writ denied, 15-1145 (La. 9/18/15), 178 So.3d 149. When evidence is introduced but the case involves only the determination of a legal issue, not a dispute regarding material facts, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination. Cawley v.

<u>National Fire & Marine Ins. Co.</u>, 10-2095 (La. App. 1 Cir. 5/6/11), 65 So.3d 235, 237.

**Issues as to Service of Process**

Plaintiffs assert that their service of process on Dr. Ricciardi's attorney during the MRP proceedings was sufficient to interrupt prescription as to Dr. Ricciardi and the LSU Healthcare Network. Defendants argue that plaintiffs were required under La. R.S. 13:5107 and La. R.S. 39:1538 to timely serve Dr. Ricciardi and LSU Healthcare Network through the head of the department for the Board of Supervisors, the Office of Risk Management, and the Attorney General, but failed to do so. La. R.S. 13:5107 A and D provide, in pertinent part:

> A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
>
> (2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C)....

> \* \* \*

> D. (1) In all suits in which the state, *a state agency*, or political subdivision, or *any officer or employee thereof is named as a party*, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.
> [Emphasis added.]

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

Louisiana courts have held that service **shall** be requested within ninety days of filing suit where the State or a state agency, officer, or employee is a named party. La. R.S. 13:5107 D and La. C.C.P. art. 1201 C. Davis v. Caraway, 14-264 (La. App. 5 Cir. 10/29/14), 164 So.3d 223, Velasquez v. Chesson, 13-1260 (La. App. 4 Cir. 10/8/14), 151 So.3d 812, 813-14, writ denied, 14-2361 (La. 2/27/15), 159 So.3d 1067. The purpose behind the ninety-day notice requirement is to make sure that the defendant receives notice of the suit within a reasonable time after it has been commenced. Llopis v. Louisiana State Bd. of Dentistry, 13-0659 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214, writ denied, 14-1483 (La. 10/31/14), 152 So.3d 152. Plaintiffs are strictly held to the obligation of serving the correct agent for service of process, as well as to the obligation of serving the named state defendants within the time period specified by La. R.S. 13:5107 D(1). Velasquez, 151 So.3d at 814. Consequently, unless service is made on an authorized recipient, it will be deemed insufficient and improper. Tranchant v. State, 08-978 (La. 1/21/09), 5 So.3d 832, 837.

This Court previously addressed and found no error in the trial court's March 5, 2020 judgment granting of defendant's exception of insufficiency of service of process and motion for involuntary dismissal given that plaintiffs did not timely request service on the LSU Health Network within the ninety-day window. Donna Gilly v. James Ricciardi, M.D., et al., 20-200 (La. App. 5 Cir. 7/29/20) (unpublished writ disposition). This appeal contains nothing to support a contrary result. Thus, according to the record, the LSU Health Network was properly dismissed pursuant

to the granting of its exception of insufficiency of service of process and motion for involuntary dismissal.

Although plaintiffs attempted to serve Dr. Ricciardi through Ms. Bourque, this service did not comply with the statutory requirements of La. R.S. 13:5107, La. C.C.P. arts. 1201 and 1672 C, and La. R.S. 39:1538. In actions brought against the state or any of its agencies to recover damages in tort for personal injury caused by the negligent act or omission of any employee while acting within the scope of his employment in which the state or such agency would be liable to the claimant, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general. La. R.S. 39:1538; Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. Coll., 11-40 (La. 7/1/11), 66 So.3d 470, 481.

With regard to service on a state agency or state employee, courts have also required that "service shall be requested within ninety days of filing suit where the State or a state agency, officer, **or employee** is a named party.". Wright v. State on Behalf of Alleyn, 19-0499 (La. App. 4 Cir. 8/5/20), — So.3d —, 2020 WL 4499654, at p. 9 (emphasis in original); Velasquez, 151 So.3d at 814. Unless good cause is shown, the action shall be dismissed as to the party for whom service has not been timely requested upon sustaining said party's declinatory exception. Id. Good cause is not established based on mere confusion over a party's proper service information. Id.

The LSU Health Network is a state-owned facility under the Board of Supervisors. Thus, Dr. Ricciardi was a state-employed physician, and plaintiffs were required to serve the head of the department for the Board of Supervisors, the Office of Risk Management, or the Attorney General of Louisiana. Ms. Bourque, counsel for the LSU Health Network and Dr. Ricciardi in the MRP proceedings did not satisfy this service requirement. As a result, plaintiffs did not properly serve Dr.

Ricciardi, and he was properly dismissed pursuant to his motion for involuntary dismissal.

Given that plaintiffs did not request service on one of the mandated agents for service of process in a timely manner, the trial court properly dismissed the LSU Health Network and Dr. Ricciardi from this lawsuit.

**Issues as to Prescription**

Plaintiffs assert that prescription was interrupted pursuant to service on Dr. Ricciardi, and that because the LSU Healthcare Network was named solely as Dr. Ricciardi's employer, it was timely added to the suit. Plaintiffs further argue that the claim against the LSU Healthcare Network is solely derivative of the timely-filed claim against Dr. Ricciardi and that the claims are one and the same.

The Louisiana Supreme Court has held that actions for medical malpractice are governed by special laws which delineate the applicable liberative prescription. Borel v. Young, 07-0419 (La. 11/27/07), 989 So.2d 42, 66, on reh'g (July 1, 2008). Thus, the prescription provisions in the medical malpractice statute apply to this case. La. R.S. 9:5628 A provides as follows:

> A. No action for damages for injury or death against any physician ... duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year for the date of the alleged act, omission, or neglect, or within one year of the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

The Medical Malpractice Act ("MMA") specifies that the filing of a request for review before a panel suspends prescription because it prohibits the filing of a medical malpractice claim against a qualified health care provider prior to panel review. La. R.S. 40:1299.47 A(2)(a). The statute also prevents prescription from lapsing while the medical review panel process is pending by suspending prescription from the time of filing until ninety days following notification to the

claimant or his attorney of the panel opinion.  Id.  Taking these rules into consideration, the Supreme Court stated that "it is evident that there is no need for the general rules of interruption of prescription to combine with suspension to synergistically benefit the plaintiff." Borel, 989 So.2d at 67; Matranga v. Parish of Anesthesia of Jefferson, LLC, 17-73 (La. App. 5 Cir. 8/29/18), 254 So.3d 1238, 1245.  In reaching this conclusion, the Louisiana Supreme Court relied on the language of the statute, legislative intent, and public policy concerns.

In interpreting the plain language of La. R.S. 9:5628, the Supreme Court pointed out the use of the word "shall" in the statement that: "No action ... *shall* be brought unless filed within one year ...; however, even as to claims filed within one year ... of such discovery, in all events such claims *shall* be filed at the latest within ... three years...."  Borel v. Young, 07-0419 (La. 11/27/07), 989 So. 2d 42, 50, on reh'g (July 1, 2008).  The Court stated that use of "shall" meant it must be interpreted as a mandatory provision thereby indicating that the prescriptive period was peremptive.

In considering the Legislature's intent and the purpose, the Supreme Court found that the Legislature intended La. R.S. 9:5628 to extinguish medical malpractice actions after the lapse of three years from the date of the alleged act, omission, or neglect to limit the duration of the right to bring a medical malpractice claim. Borel, 989 So.2d at 50.

The Supreme Court also pointed out that there were strong and definitive public policy concerns underlying the enactment of La. R.S. 9: 5628.  The legislative limitation on the amount of time within which an injured patient may bring a malpractice action directly responded to sharp increases in medical malpractice insurance rates that created a crisis, whether real or imagined, which threatened health care to patients. Borel, 989 So.2d at 50.  Because doctors were unwilling to practice without reasonably priced liability insurance, the Legislature responded by

adopting measures designed to rectify the situation. Borel, 989 So.2d at 50-51. The public interest in controlling insurance costs to ensure the availability of health care for citizens mitigates against suspension, interruption, or renunciation of the three-year time limitation in favor of certainty in the termination of causes of action and directly reducing the number of malpractice claims and ostensibly liability rates.

The Louisiana Fourth Circuit Court of Appeal recently addressed a substantially similar situation in Wright v. State on Behalf of Alleyn, 19-499 (La. App. 4 Cir. 8/5/20), — So.3d —, 2020 WL 4499654. The Fourth Circuit recognized under the applicable statutes, La. R.S. 13:5107 and La. R.S. 39:1538, service on a state employee must be requested on one of three designated parties for service of process: (1) the head of the department for the Board of Supervisors; (2) the Office of Risk Management; or (3) the Attorney General of Louisiana. Because plaintiff failed to comply with the service requirements within the mandated time period, the Fourth Circuit held that the trial court erred in denying the exception of prescription, reversed that ruling, and dismissed plaintiff's claims with prejudice. Wright, *supra*.

Plaintiffs rely on Gettys v. Wong, a 2014 Fourth Circuit opinion, which involved a medical malpractice claim initially filed only against a state-employed physician. After the one-year prescriptive period and the ninety-day suspension period provided by the MMA had passed, plaintiff named the physician's employer, LSU Health Science Center. The Fourth Circuit considered whether plaintiff's lawsuit against the physician interrupted prescription against LSU. In finding that the claim was not prescribed, the Fourth Circuit concluded that the claim against LSU was solely derivative of the claim against the physician, and that the claims were one and the same. We note, however, that the Gettys case did not address the service issues presented in the instant matter and was rendered well before the Wright case, which directly addresses the same issues as the present situation. Thus, we find plaintiffs' reliance on Gettys misplaced.

In light of the foregoing, the general rules of prescription and interruption do not apply in this case. The only suspension of prescription in this case is from the initiation of the medical review panel phase until ninety days after plaintiffs' counsel received notification of the medical review panel opinion by certified mail. The alleged medical malpractice at issue in this case occurred between June 2006 and August 4, 2006. Plaintiffs filed a MRP complaint on August 2, 2007, two days before the expiration of the one-year prescriptive period. Plaintiffs' counsel received the MRP opinion regarding their complaint on September 19, 2016. Thus, plaintiffs had ninety days from September 19, 2016 plus the two remaining days left in the one-year prescriptive period when they filed the MRP panel complaint. As a result, they had to file their lawsuit by December 20, 2016. Plaintiffs timely filed the original complaint on December 16, 2016. As discussed above, however, plaintiffs' timely-filed lawsuit was properly dismissed pursuant to the LSU Health Network and Dr. Ricciardi's motion for involuntary dismissal.

On September 2, 2020, plaintiffs filed a second supplemental and amending petition. Prescription was not interrupted during the pendency of plaintiffs' lawsuit that was filed on December 16, 2016. The time for filing suit passed on December 20, 2016. As a result, plaintiffs' claim had prescribed at the time they filed the second amended petition.

**DECREE**

For the reasons stated above, and considering the foregoing authorities, we find no error in the trial court's judgment granting defendants' exception of prescription. Accordingly, we affirm the trial court's judgment granting the exception of prescription and dismissing plaintiffs' claims against defendants.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT
101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 13, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-381

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
BRYAN J. KNIGHT (APPELLEE)        MARK E. KAUFMAN (APPELLEE)        MICHELLE A. BOURQUE (APPELLEE)

### MAILED
ANTHONY L. GLORIOSO (APPELLANT)        HONORABLE JEFFREY M. LANDRY
ATTORNEY AT LAW                        (APPELLEE)
412 DOLHONDE STREET                    ATTORNEY GENERAL
GRETNA, LA 70053                       LOUISIANA DEPARTMENT OF JUSTICE
                                       1885 NORTH 3RD STREET
                                       6TH FLOOR, LIVINGSTON BUILDING
                                       BATON ROUGE, LA 70802