SANDRA CABRINA JENKINS, Judge.
bin this medical malpractice suit, plaintiff appeals the trial court judgment dismissing her claims for failure to request service within ninety days of filing the petition, as required by La. R.S. lJ^lOT.[1] For the reasons that follow, we find the trial court did not err in sustaining defendant’s exception of insufficiency of service of process and dismissing plaintiffs suit for failure to show good cause as to why service had not been requested.
FACTUAL AND PROCEDURAL BACKGROUND
■ Plaintiff, Mirna Velasquez, filed a formal complaint with the State of Louisiana Division of Administration on April 4, 2007 requesting that a Medical Review Panel convene in order to review her allegations against Ralph R. Chesson, M.D. (“Dr. Chesson”). Plaintiff asserts that she submitted to a tubal ligation following childbirth at University Hospital for sterilization purposes. Plaintiff further contends the tubal ligation was performed negligently as she became pregnant a year after the procedure.
|2The Division of Administration notified plaintiff, by letter dated April 27, 2007, that Dr. Chesson is a qualified state health care provider under the provisions of La. R.S. 40:1299.39.1 and a Certificate of Qualification was issued on June 6, 2007. In January 2010, the Medical Review Panel ultimately concluded that evidence did not support the allegation that Dr. Chesson failed to meet the. applicable standard of care as charged in plaintiffs complaint. Plaintiff then filed a petition for damages against Dr. Chesson in the Civil District Court for the Parish of Orleans on April 5, 2010.
On July 15, 2010, defendant filed a decli-natory exception of insufficiency of service of process alleging the State was not properly served within ninety days of filing the suit. Following a hearing on September 10, 2010, the trial court sustained defendant’s exception and dismissed plaintiffs petition without prejudice. Plaintiff filed a motion for a new trial on September 20, 2010, which was subsequently denied and this appeal ensued. On appeal, plaintiff argues the trial court erred in sustaining defendant’s exception and dismissing plaintiffs petition as service on the State was not necessary because Dr. Chesson was not sued in his official capacity as a qualified state health care provider.
DISCUSSION
As mandated by La. R.S. 13:5107(D)[2] and La. C.C.P. art. 1201(C),[3] *814 service shall be requested within ninety days of filing suit where the State or state agency, |sofficer, or employee is a named party. Moreover, unless good cause is shown, the action shall be dismissed as to the party for whom service has not been timely requested upon sustaining said party’s declinatory exception pursuant to La. C.C.P. art. 1672(C).[4] While a definition for “good cause” is not provided in art. 1672(C), our jurisprudence has held that “mere confusion over a party’s proper service information is not a sufficient basis for good cause.” Johnson v. Univ. Med. Ctr. in Lafayette, 07-1683, p. 2 (La.11/21/07), 968 So.2d 724, 725 (citing Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283). On appeal, a judgment dismissing an action for failure to timely request service is subject to the manifest error standard of review. Llopis v. Louisiana State Bd. of Dentistry, 13-0659, p. 5 (La.App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214 (citing Johnson v. Brown, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322).
As this Court has recognized, the rationale behind the ninety-day notice requirement is obvious: “to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced.” Id., 13-0659, p. 6, 143 So.3d at 1214 (quoting Anderson v. Norfolk Southern Railway Company, 02-230, p. 4 (La.App. 4 Cir. 3/27/02), 814 So.2d 659, 661). Thus, unless service is made on an authorized recipient, it will be deemed insufficient and improper. Tranchant v. State, 08-0978, p. 10 (La.1/21/09), 5 So.3d 832, 837 (“[Pjlaintiffs are strictly held to the obligation of serving the correct agent for service of process, [] as well as to the obligation of serving the named state defendants within the time period |4specified by La. R.S. 13:5107(D)(1).”) (citing Barnett v. Louisiana State Univ. Med. Ctr-Shreveport, 02-2576, p. 1 (La.2/7/03), 841 So.2d 725, 726).
A suit against a qualified state health care provider requires service to be effected on: (1) the head of the department for the Board of Supervisors of Louisiana State University Agricultural and Mechanical College; (2) the Office of Risk of Management; or (3) the Attorney General of Louisiana. La. R.S. 13:5107; La. R.S. 39:1538; Whitley v. State ex rel. Bd. of Sup’rs of Louisiana State Univ. Agr. Mech. Coll., 11-0040, p. 18 (La.7/1/11), 66 So.3d 470, 481. In the instant matter, plaintiff contends that service on these entities/persons was not necessary because Dr. Chesson was only sued in his individual capacity.
Louisiana State University Health Sciences Center is part of the Louisiana State University System, thus, University Hospital, where plaintiff underwent the surgical procedure, is a state-owned facility under the supervision and management of the Board of Supervisors. La. R.S. 17:3215(6). *815 As such, albeit plaintiffs contention, Dr. Chesson is a state-employed physician and at least one of the above entities/persons should have been served.
Furthermore, plaintiff was well aware and amply advised of Dr. Chesson’s status as a qualified state health care provider. Specifically, plaintiff, had notice when: (1) the Division of Administration notified plaintiff by letter dated April 27, 2007 that Dr. Chesson was a qualified state health care provider per La. R.S. 40:1299.39.1; (2) a certificate of qualification was issued on June 6, 2007; (3) the “State of Louisiana, through the Board of Supervisors of Louisiana State University Agricultural and Mechanical College, on behalf of LSU Health Sciences Center, LSU Health Care Services Division and Ralph Chesson, M.D.” petitioned to institute discovery on June 22, 2007; and (4) plaintiff acquiesced to the surgical procedure at a state-owned facility, University Hospital.
| sPIaintiff s attempt to evade the service requirements by claiming Dr. Chesson is being sued individually is without merit. However, even assuming plaintiffs argument has merit, service would still not have been proper. A party may be served at his place of business, although such service is only effected by serving the party personally. Roper v. Dailey, 393 So.2d 85, 87 (La.1980) (quoting La. C.C.P. art. 1232). Plaintiff requested service on Dr. Chesson at 2020 Gravier Street, the address for Louisiana State University Lions Center Clinic.[5] While the sheriffs return states that Dr. Chesson was personally served on April 23, 2010 at the Gravier address, Dr. Chesson contends that is not his correct address and personal service was never effected.
Dr. Chesson was a qualified state health care provider at the time the alleged malpractice occurred; therefore, La. R.S. 13:5107 and La. R.S. 39:1538 are applicable. Plaintiffs failure to timely effectuate service on the proper parties warranted dismissal of the suit as plaintiff advanced no compelling reason for her failure to ascertain proper service.
DECREE
For the foregoing reasons, we find the trial court did not err in sustaining defendant’s exception of insufficiency of service of process and dismissing plaintiffs suit without prejudice. Service was not proper as contemplated by La. R.S.13:5107(D), La. R.S. 39:1538, and La. C.C.P. art. 1201(C); and plaintiff failed to demonstrate good cause for her lack of service pursuant to La. C.C.P. art. 1672(C). The trial court judgment is affirmed.
AFFIRMED.
BELSOME, J., dissents with reasons.

. An amendment to La. R.S. 13:5107(D)(1) was enacted in the 2014 legislative session. This amendment is not implicated in the issues presented in this appeal. See 2014 La. Sess. Law Serv. Act 379 (S.B. 222) (WEST)

. La. R.S. 13:5107(D) provides:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision' or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
*814 (2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C) ...

. See La. C.C.P. art. 1201(C) providing: "Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.”

. La. C.C.P. art. 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

. It should be noted that requesting service on Dr. Chesson at this address is completely contrary to plaintiffs contention that she is suing Dr. Chesson in his individual capacity.