Judge Daniel L. Dysart
Drs. Jaime Alleyn, Monique Sutherland, Ashley Van Wormer, Megan Bina, and Ashley Martin Hirsch (hereafter, "Relators"), seek review of the trial court's August 24, 2018 judgment denying their declinatory exceptions of insufficiency of citation and insufficiency of service of process. We find that the trial court's judgment *847 is manifestly erroneous. See Davis v. Caraway , 14-264, pp. 4-5 (La. App. 5 Cir. 10/29/14), 164 So.3d 223, 225 ("[t]he standard of review for an appellate court regarding an exception of insufficient service of process is manifest error.").
FACTUAL BACKGROUND
This medical malpractice matter commenced with the February 27, 2018 filing of a Petition for Damages ("Petition"), after a medical review panel issued its opinion.[1] Service of the Petition was requested on each of the Relators, individually, at various addresses in New Orleans, Louisiana (with the exception of Dr. Van Wormer, for whom service of process was requested in Gretna. Louisiana). In response to the Petition, Relators filed declinatory exceptions of insufficiency of citation and service of process. A hearing was held on the exceptions on August 9, 2018 and by judgment dated August 24, 2018, the trial court denied the exceptions.
Relators filed a notice of intent to file an application for a supervisory writ with this Court and a return date of October 24, 2018 was provided. This application was timely filed on September 24, 2018.
DISCUSSION
Louisiana Code of Civil Procedure article 925 provides that objections which may be raised through the declinatory exception include the objection of insufficiency of citation and insufficiency of service. Subpart A (2) specifically includes the "failure to request service of citation on the defendant within the time prescribed by Article 1201(C),"[2] as an objection which may be raised by the declinatory exception of "[i]nsufficiency of service of process."
Under La. R.S. 39:1538 :
(1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for ... personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter....
* * * * *
(4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107....
When suit is brought against the state or any state actor, La. R.S. 13:5107 provides, in pertinent part:
A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the *848 laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C)....
* * * * *
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.
(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
While Respondent did not file a response to the application for a supervisory writ, his position is evident from his Memorandum in Opposition to the Exceptions filed in the trial court. Respondent does not contest that all of the Relators are employed by the State of Louisiana. His contention is that, although he improperly requested service, his request was timely pursuant to that portion of La. R.S. 13:1507 D which provides that "a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service." He cites no case law for his position and we are not persuaded by his argument.
This Court addressed a similar issue in Velasquez v. Chesson , 13-1260 (La. App. 4 Cir. 10/8/14), 151 So.3d 812, writ denied , 14-2361 (La. 2/27/15), 159 So.3d 1067. Like the instant matter, the plaintiff in Velasquez requested service on a state-employed physician, the only named defendant in the action, at his work address, rather than through one of the mandated agents for service of process. The Court noted that "[a] suit against a qualified state health care provider requires service to be effected on: (1) the head of the department for the Board of Supervisors of Louisiana State University Agricultural and Mechanical College; (2) the Office of Risk of Management; [and] (3) the Attorney General of Louisiana." Id. , p. 4, 151 So.3d at 814. The Court likewise cited Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport , 02-2576, p. 1 (La. 2/7/03), 841 So.2d 725, 726 for the principle that "[P]laintiffs are strictly held to the obligation of serving the correct agent for *849 service of process, [ ] as well as to the obligation of serving the named state defendants within the time period specified by La. R.S. 13:5107(D)(1)." Id. pp. 4-5, 151 So.3d at 814. Finding that the trial court erred in failing to sustain an exception insufficiency of service of process of without prejudice, the Velasquez Court held:
Dr. Chesson was a qualified state health care provider at the time the alleged malpractice occurred; therefore, La. R.S. 13:5107 and La. R.S. 39:1538 are applicable. Plaintiff's failure to timely effectuate service on the proper parties warranted dismissal of the suit as plaintiff advanced no compelling reason for her failure to ascertain proper service.
Id. , p. 5, 151 So.3d at 815.
"[I]t is presumed the Legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject." Fontenot v. Reddell Vidrine Water Dist ., 02-0439, p. 13 (La. 1/14/03), 836 So.2d 14, 24. Accordingly, we give effect to La. R.S. 39:1538's requirement that service on a state employee must be requested on one of the three designated parties for service of process, as the Velazquez Court found.
Respondent's reliance on La. R.S. 13:1507 D is misplaced. While we note that the statute was amended in 2014 to add the provision on which Respondent relies, the timeliness of the service of process is not the underlying issue in this case.[3] The issue concerns the failure to request service on the proper party or parties. Here, it is not an issue as to whether service of process was "insufficient" or "erroneous," as for example, service on a child (See , e.g ., First Nat. Bank of Jefferson Par. v. Rall , 607 So.2d 716, 717 (La. App. 4 Cir. 1992) ), which held that service on an eleven year old was insufficient, and citing Nationwide Acceptance Co. v. Alexis , 201 So.2d 21, 23 (La. App. 4 Cir. 1967), which found service on a five year old to be insufficient, noting that "[p]roper citation is the foundation of the action and that it is fundamental that no valid judgment can be rendered in any case unless the defendant has been informed of the suit against him by citation in strict compliance with the law." In both cases, this Court rejected the notion that the defendants' actual knowledge of the lawsuit rendered the exceptions moot. See also Guar. Energy Corp. v. Carr , 490 So.2d 1117, 1120 (La. App. 5 Cir. 1986) ("[k]nowledge of the existence of an action on the part of the defendant, no matter how clearly brought home to him, cannot supply the want of a citation.").
On this basis, we find that the trial court erred in failing to grant the exceptions of insufficiency of citation and service of process. We therefore reverse the trial court's judgment and grant the exceptions without prejudice.
BELSOME, J., DISSENTS
BELSOME, J., DISSENTS
I would deny the writ.

The medical malpractice claim was first presented to the medical review panel on October 7, 2015, seeking review of the treatment of Nicole Phillips. The claim was amended on October 15, 2015 to reflect the identity of the parties who submitted the claim. After Ms. Phillips' death on June 4, 2016, a second amended claim was filed on February 7, 2017 to name the father of Ms. Phillips' minor child, Jamal Wright, as the claimant, on behalf of the child (hereafter, "Respondent"). The lawsuit was filed by Mr. Wright, on behalf of the minor child.

La. C.C.P. art. 1201 (C) states, in pertinent part, that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action."

Necessarily, timeliness is an issue. Clearly, service of process in this matter was not requested on the proper party/parties. Thus, service was not requested "on all named defendants within ninety days of commencement of the action." La. C.C.P. art. 1201 (C). To hold otherwise would be to allow a plaintiff to request service on anyone within 90 days of filing an action and technically comply with the requirement of the article.