DONNA BROWN                          *        NO. 2019-C-0447

VERSUS                               *
                                              COURT OF APPEAL
RALPH CHESSON, M.D.                  *
                                              FOURTH CIRCUIT
                                     *
                                              STATE OF LOUISIANA

                        * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-09740, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Tiffany G. Chase, Judge Dale N. Atkins)[1]

**MCKAY, C.J., CONCURS IN THE RESULT**
**DYSART, J. CONCURS IN THE RESULT.**
**JENKINS, J., CONCURS IN THE RESULT**
**LOVE, J., DISSENTS AND ASSIGNS REASONS**
**LOMBARD, J., DISSENTED FOR THE REASONS ASSIGNED BY JUDGE LOVE**
**BELSOME, J., DISSENTS WITH REASONS**
**LOBRANO, J., DISSENTS FOR THE REASONS ASSIGNED BY JUDGE LOVE.**

Jeff Landry, Attorney General
William David Coffey, Lead Appeal Council
LA DEPARTMENT OF JUSTICE
Litigation Division
1450 Poydras Street, Suite 900
New Orleans, LA 70112

        COUNSEL FOR RELATOR/DEFENDANT

---

[1] Judge Regina Bartholomew-Woods recused.

Richard Thomas Gallagher, Jr.
GALLAGHER WESTHOLZ & POTTER
111 Veterans Memorial Blvd., Suite 1400
Metairie, LA 70005

    COUNSEL FOR RESPONDENT/PLAINTIFF

**WRIT GRANTED; RULING ON EXCEPTIONS OF INSUFFICIENCY OF CITATION AND SERVICE OF PROCESS REVERSED; EXCEPTIONS OF INSUFFICIENCY OF CITATION AND SERVICE OF PROCESS GRANTED; SUIT DISMISSED WITHOUT PREJUDICE**

        **April 24, 2020**

*RML*
*PAB*
*TGC*
*DNA*

This is a medical malpractice case against a qualified state health care provider, under the provisions of La. R.S. 40:1237.1, Ralph R. Chesson, M.D. Seeking review of the trial court's July 2, 2019 judgment denying his declinatory exceptions of insufficiency of citation and service of process and his peremptory exception of prescription, Dr. Chesson filed this writ application. For the reasons that follow, we grant the writ, reverse the trial court's ruling denying the declinatory exceptions of insufficiency of citation and service of process, grant those exceptions, and render judgment dismissing the suit without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

As noted at the outset, Dr. Chesson is a qualified state health care provider. Before filing this suit, the plaintiff-patient, Donna Brown, filed a complaint against Dr. Chesson with the Division of Administration in October 2012. The Division of Administration notified Ms. Brown that Dr. Chesson was a qualified state health care provider and subsequently issued a certificate of qualification. A medical review panel was formed. The medical review panel rendered an opinion in Dr.

1

Chesson's favor in June 2015. Ms. Brown received a copy of that opinion in July 2015.

After receiving the panel's opinion, Ms. Brown filed this suit solely against Dr. Chesson in October 2015. In her petition, she alleged that Dr. Chesson committed medical malpractice during a November 2011 surgery and the post-operative care. The specifics of the petition are not necessary for deciding the issues presented by this writ. In her petition, Ms. Brown requested that Dr. Chesson be served at his office—"4228 Houma Blvd., Suite 600 A, Metairie, LA 70006."[2]

In November 2018, Dr. Chesson filed declinatory exceptions of insufficiency of citation and service of process. In support, he cited his status as a qualified state health care provider. The gist of his argument was that, given his status, coupled with Ms. Brown's claim for money damages against him, the governing statutory provisions are La. R.S. 13:5107 and La. R.S. 39:1538 and that those statutes require that she serve the following three entities: (i) the head of the department for the Board of Supervisors of Louisiana State University Agriculture and Mechanical College; (ii) the Office of Risk Management; and (iii) the Attorney General of Louisiana. Subsequently, Dr. Chesson filed a peremptory exception of prescription. Following a hearing, the trial court denied all of the exceptions. This writ followed.

## DISCUSSION

Following the "logical sequence" for addressing declinatory and peremptory exceptions when as here filed together, we first address Dr. Chesson's declinatory

---

[2] According to Dr. Chesson, Ms. Brown subsequently requested service "at a different address" in October 2018.

exceptions—insufficiency of citation and service—before reaching his peremptory exception—prescription. *See Favorite v. Alton Ochsner Med. Found.*, 537 So.2d 722, 723 (La. App. 4th Cir. 1988) (observing that the "logical sequence" of addressing exceptions is to first address the declinatory exception—there, venue—and then the peremptory exception—there, no cause of action); *see also Schexnayder v. Gish*, 06-579, p. 3 (La. App. 5 Cir. 12/27/06) 948 So.2d 313, 314. Because we find the declinatory exceptions have merit and grant them, we find it premature to reach the issue of whether the prescription exception was correctly denied. We thus pretermit that issue.

### Standard of Review

Appellate courts review trial courts' rulings on declinatory exceptions of insufficiency of citation and service of process under the manifest error standard of review. *Wright v. State*, 18-0825, p. 1 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, 847, *writ denied*, 18-1931 (La. 1/28/19), 262 So.3d 902; *Velasquez v. Chesson*, 13-1260, p. 3 (La. App. 4 Cir. 10/8/14), 151 So.3d 812, 814 (observing that "a judgment dismissing an action for failure to timely request service is subject to the manifest error standard of review").

### Service on a Qualified State Health Care Provider

This court in both *Velasquez* and *Wright* addressed the issue of proper service on a qualified state health care provider. To provide a background for analyzing the issue presented here, we briefly summarize those two cases.

### The *Velasquez* Case

In *Velasquez*, the plaintiff-patient filed a medical malpractice action against the defendant-doctor, who was employed at University Hospital, where the

4

plaintiff-patient underwent the surgical procedure at issue.[3] The plaintiff-patient

sued and served only the defendant-doctor. The defendant-doctor filed an

exception of insufficiency of service of process based upon his status as a qualified

state health care provider and the plaintiff-patient's failure to comply with La.

R.S. 13:5107 and La. R.S. 39:1538. The plaintiff-patient, in opposition, argued that

compliance with those statutes was not required because suit was filed against the

defendant-doctor in his individual capacity only. Following a hearing, the trial

court sustained the defendant-doctor's exception and dismissed the plaintiff-

patient's petition without prejudice. *Velasquez*, 13-1260, p. 2, 151 So.3d at 813.

On appeal, this court observed that "[a] suit against a qualified state health

care provider requires service to be effected on: (1) the head of the department for

the Board of Supervisors of Louisiana State University Agricultural and

Mechanical College [the 'Department Head']; (2) the Office of Risk of

Management [the 'ORM']; or (3) the Attorney General of Louisiana [the 'Attorney

General']." *Velasquez*, 13-1260, p. 4, 151 So.3d at 814 (citing La. R.S. 13:5107;

La. R.S. 39:1538; *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ.*

*Agr. Mech. Coll.*, 11-0040, p. 18 (La. 7/1/11), 66 So.3d 470, 481).

Rejecting the plaintiff-patient's attempt to evade the service requirements by

claiming that the defendant-doctor was being sued in his individual capacity only,

this court observed that the plaintiff-patient "was well aware and amply advised of

[the defendant-doctor's] status as a qualified health care provider" when the

---

[3] Before filing suit, the plaintiff-patient requested a medical review panel from the Louisiana
Division of Administration regarding allegations against the defendant-doctor, Ralph R.
Chesson, M.D. (the same physician in the current proceedings). The plaintiff-patient alleged that
after childbirth, the defendant-doctor performed a tubal ligation at University Hospital; but a year
after the operation, she became pregnant. The Division of Administration notified the plaintiff-
patient that the defendant-doctor was a qualified state health care provider and subsequently
issued a certificate of qualification. After the medical review panel issued an opinion in the
defendant-doctor's favor, the plaintiff-patient filed suit.

Division of Administration notified her by letter of his status and issued a certificate of qualification. *Velasquez*, 13-1260, p. 4, 151 So.3d at 815. Because University Hospital was a state-owned facility under the supervision and management of the Board of Supervisors, this court concluded that "[the defendant-doctor] is a state-employed physician and at least one of the above entities/persons [the Department Head, the ORM, or the Attorney General] should have been served." *Id.*, 13-1260, p. 4, 151 So.3d at 815. Accordingly, this court held that the plaintiff-patient's "failure to timely effectuate service on the proper parties warranted dismissal of the suit as [the plaintiff-patient] advanced no compelling reason for her failure to ascertain proper service." *Id.*, 13-1260, p. 5, 151 So.3d at 815.

## The *Wright* Case

In *Wright*, the plaintiff-patient filed a petition, after a medical review panel issued its opinion, requesting service on each of the defendant-physicians, who were state employees. The defendant-physicians filed exceptions of insufficiency of citation and service of process, which the trial court denied. In seeking supervisory review, the defendant-physicians argued that service on them rather than on the three required State entities was insufficient.

Agreeing with the defendant-physicians, this court granted their writ. In so doing, this court, in a writ opinion, quoted extensively from *Velasquez*, observing:

> Like the instant matter, the plaintiff in *Velasquez* requested service on a state-employed physician, the only named defendant in the action, at his work address, rather than through one of the mandated agents for service of process. The Court noted that "[a] suit against a qualified state health care provider requires service to be effected on: (1) the head of the department for the Board of Supervisors of Louisiana State University Agricultural and Mechanical College; (2) the Office of Risk of Management; [and] (3) the Attorney General of Louisiana." *Id.*, p. 4, 151 So.3d at 814. The

> Court likewise cited *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 02-2576, p. 1 (La. 2/7/03), 841 So.2d 725, 726 for the principle that "[P]laintiffs are strictly held to the obligation of serving the correct agent for service of process, [ ] as well as to the obligation of serving the named state defendants within the time period specified by La. R.S. 13:5107(D)(1)." *Id*. pp. 4-5, 151 So.3d at 814.

*Wright*, 18-0825, pp. 4-5, 258 So.3d at 848-49. This court gave "effect to La. R.S. 39:1538's requirement that service on a state employee must be requested on one of the three designated parties for service of process." *Id.*, 18-0825, p. 5, 258 So.3d at 849. Accordingly, this court found that the trial court was manifestly erroneous in denying the defendant-physicians' exceptions of insufficiency of citation and service of process. We, thus, reversed the trial court's ruling and granted the exceptions without prejudice. *Id.*, 18-0825, p. 6, 258 So.3d at 849.

### The *George* Case: Conflict Within This Circuit

The parties to the instant writ application raised the issue of whether this court's decision in *George v. ABC Ins. Co.*, 19-0124 (La. App. 4 Cir. 5/8/19), 271 So.3d 1289, *writ denied*, 19-944 (La. 9/24/19), 279 So.3d 886, created a conflict with this court's prior decisions in *Velasquez* and *Wright*. To address this issue, this court submitted this writ to an *en banc* panel for review and held oral arguments. In order to place this issue in context, a brief review of the *George* case is necessary.

In *George*, the plaintiffs filed suit against Southern University New Orleans ("SUNO")—a non-profit corporation—and ABC Insurance Company in May 2017. The plaintiffs alleged that Ms. George sustained personal injuries after fainting inside a campus facility. The plaintiffs requested service on SUNO at its principal place of business through the Chancellor's Office. In January 2018, the plaintiffs filed a request for leave to file a first amended and supplemental petition

7

for damages, seeking to add as defendants the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State of Louisiana, and Southern University System.[4] The Board of Supervisors filed an exception of insufficiency of service of process, which the trial court granted, dismissing the plaintiffs' suit without prejudice.

On appeal, this court observed that "[t]he applicability of the 90-days service request period [under La. R.S. 13:5107] is contingent upon whether the State of Louisiana is properly named as a defendant in the original petition for damages." *George*, 19-0124, p. 4, 271 So.3d at 1291-92. We framed this as the threshold issue to be decided before determining if dismissal of the action, based on insufficiency of service of process, was proper. *Id.* Addressing this threshold issue, this court observed:

> [T]he original petition for damages names the following defendant: "Southern University New Orleans ("SUNO") made a party defendant herein, is a non-profit corporation authorized to do and doing business in the State of Louisiana. . . ." Plaintiffs did not name the State of Louisiana, or a state agency, as a party in the original petition for damages. La. R.S. 13:5107(D)(1) requires that service of process be requested within 90-days of the commencement of the action or filing of the supplemental or amended petition for damages when the state is initially named as a party. However, because the State of Louisiana was not a named party in the original petition for damages, plaintiffs had no obligation to request service upon the State of Louisiana within the statutory period of La. R.S. 13:5107.

*George*, 19-0124, p. 5, 271 So.3d at 1292. We, thus, concluded that "[t]he initial service request on Southern University New Orleans' Chancellor's Office was insufficient to warrant dismissal of plaintiffs' action pursuant to La. R.S. 13:5107,

---

[4] Also on that date, the plaintiffs requested service of the original and first amended and supplemental petitions on multiple entities—the Board of Supervisors, Southern University and Agricultural and Mechanical College, through the Office of the Attorney General; Southern University System Office of the Chancellor, through the Office of the Attorney General; the Office of the Chancellor, Southern University New Orleans; the ORM; and the Attorney General. *George*, 19-0124, p. 2, 271 So.3d at 1290-91.

8

where the State of Louisiana was not initially a named defendant in the original petition for damages." *Id.*, 19-0124, p. 6, 271 So.3d at 1293. We further observed that "[s]ince the State of Louisiana was not a named defendant, the 90-days service request period was not activated when plaintiffs filed the original petition for damages." *Id.* For these reasons, we reversed the trial court's ruling granting the exception of insufficiency of service of process.

As noted elsewhere in this opinion, the argument that the *George* case created an inconsistency within our circuit prompted this court to submit this case to an *en banc* panel for consideration. Upon analysis, we conclude the *George* case is distinguishable from the *Velasquez* and *Wright* cases. Although all three cases pertain to an exception of insufficiency of service of process, the basis for the applicability of the statutes differ. The named defendants in *Velasquez* and *Wright* were either the "State, a state agency, or political subdivision, or any officer or employee." In contrast, the named defendant in *George* was a non-profit corporation—SUNO. The plaintiffs' error in *George* in naming the wrong entity did not trigger the application of La. R.S. 13:5107(D) and La. C.C.P. art. 1201(C) since none of the defendants was the "State, a state agency, or political subdivision, or any officer or employee." In contrast, because Dr. Chesson—the defendant-doctor in *Velasquez*—was an employee of the state, albeit named individually, La. R.S. 13:5107(D) and La. C.C.P. 1201(C) were triggered. Likewise, the same was true of the defendant-physicians in *Wright*. In both those cases, the defendant (or defendants) were qualified state health care providers, which must be served through the following entities: (i) the Department Head; (ii) the ORM; or (iii) the Attorney General. For these reasons, we find *George* did not create a conflict within this circuit.

**The Instant Case**

Turning to the instant case, we find Dr. Chesson's contention that the trial court erred in denying his declinatory exceptions of insufficiency of citation and service of process has merit. This court's holdings in *Velasquez* and *Wright* are dispositive and dictate those exceptions be granted.

## CONCLUSION

Accordingly, we grant the Relator's writ application. We reverse the trial court's ruling on the declinatory exceptions of insufficiency of citation and service of process. We grant those exceptions, and we dismiss Ms. Brown's suit without prejudice.

**WRIT GRANTED; RULING ON EXCEPTIONS OF INSUFFICIENCY OF CITATION AND SERVICE OF PROCESS REVERSED; EXCEPTIONS OF INSUFFICIENCY OF CITATION AND SERVICE OF PROCESS GRANTED; SUIT DISMISSED WITHOUT PREJUDICE**