| JAMAL WRIGHT, ET AL | * | NO. 2019-C-0499 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| THE STATE OF LOUISIANA ON BEHALF OF JAMIE | * | FOURTH CIRCUIT |
| ALLEYN, M.D., ASHLEY VAN WORMER, M.D., MONIQUE | * | STATE OF LOUISIANA |
| SUTHERLAND, M.D., MEGAN BINA, D.O. AND ASHELY M | * | |
| HIRSCH, M.D. | * | |

* * * * * * *

**LEDET, J., CONCURRING WITH REASONS**

Although I agree with the majority, I write separately to explain my reasons. The sole issue before us is prescription.[1] The governing statutory provision applicable here is La. R.S. 13:5107(D)(3), which states:

> When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

Construing this provision, a federal court has observed that "a suit brought against [a state entity] and later dismissed for failure to timely serve does not interrupt Louisiana's prescriptive period." *Cruz v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*, 528 F.3d 375, 381 (5th Cir. 2008).[2] Such is the case here.

---

[1] In our prior writ opinion in this case, we held that "the trial court erred in failing to grant the exceptions of insufficiency of citation and service of process." *Wright v. State*, 18-0825, p. 6 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, 849, *writ denied sub nom., Wright v. State o/b of* Alleye, 18-1931 (La. 1/28/19), 262 So.3d 902.

[2] As to other defendants, the Louisiana Legislature has adopted a similar provision, La. R.S.9:5801, which requires a showing of bad faith; La. R.S. 9:5801 provides:

> Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.

1

Given that La. R.S. 13:5107(D)(3) applies here, the filing of the initial petition did not serve to interrupt prescription. Contrary to the trial court's conclusion, the interruption of prescription provided for in La. C.C. art. 3463 does not apply here. For these reasons, I would reverse the trial court, sustain the defendants' peremptory exception of prescription, and dismiss the case with prejudice.

Accordingly, I respectfully concur.

---

As the Supreme Court has noted, La. R.S. 9:5801 "provides that where a defendant is dismissed because service was not timely requested, interruption of prescription is considered never to have occurred if a court finds the failure to serve was due to bad faith." *Bordelon v. Med. Ctr. of Baton Rouge*, 03-0202, p. 8 (La. 10/21/03); 871 So.2d 1075, 1081–82, *as corrected* (Jan. 28, 2004.