| JAMAL WRIGHT, ET AL | * | NO. 2019-C-0499 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| THE STATE OF LOUISIANA | * | |
| ON BEHALF OF JAMIE | | FOURTH CIRCUIT |
| ALLEYN, M.D., ASHLEY VAN | * | |
| WORMER, M.D., MONIQUE | | STATE OF LOUISIANA |
| SUTHERLAND, M.D., MEGAN | * * * * * * * | |
| BINA, D.O. AND ASHELY M | | |
| HIRSCH, M.D. | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-11734, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
### JUDGE SANDRA CABRINA JENKINS
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love,
Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

**LOVE, J., DISSENTS AND ASSIGNS REASONS**
**LEDET, J., CONCURRING WITH REASONS**
**CHASE, J., CONCURS FOR THE REASONS ASSIGNED**
**          BY JUDGE LEDET**

Jeff Landry, Attorney General
William David Coffey, Appeals Counsel
Lucie Thornton, Assistant Attorney General
Louisiana Department of Justice
Litigation Division
1450 Poydras Street, Suite 900
New Orleans, Louisiana 70112

          COUNSEL FOR DEFENDANTS/RELATORS

Danatus N. King
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119

          COUNSEL FOR PLAINTIFF/RESPONDENT

                              **WRIT GRANTED; RULING REVERSED**

# AUGUST 5, 2020

Relators/Defendants, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agriculture ("Board of Supervisors"), on behalf of Jamie Alleyn, M.D., Ashley Van Wormer, M.D., Monique Sutherland, M.D., Megan Bina, D.O., and Ashley M. Hirsch, M.D., seek review of the trial court's May 8, 2019 judgment denying their peremptory exception of prescription.

For the reasons that follow, based upon this Court's relevant jurisprudence, particularly *Velasquez v. Chesson*, 13-1260 (La. App. 4 Cir. 10/8/14), 151 So.3d 812, 814, we grant Relators' writ, reverse the trial court's judgment, maintain Relators' exception of prescription, and dismiss Plaintiff's claims with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2018, Plaintiff/Respondent, Jamal Wright filed a medical malpractice suit on behalf of Janaya Nicole Wright, his daughter, alleging that Janaya's mother, Nicole Phillips, suffered a brain injury, went into a coma, and died after giving birth to Janaya at Touro Infirmary. The petition named the following defendants: Touro Infirmary, Dr. Jaime Alleyn, Dr. Ashley Van

1

Wormer, Dr. Monique Sutherland, Megan Bina, D.O., Dr. Ashley Hirsch, Dr. Davey L. Prout, and Kimberly Guidry, R.N., alleging that these defendants were employed by Touro. Although the physician defendants were State employees, Plaintiff did not name the State of Louisiana or the Board of Supervisors in the original petition, but Plaintiff did request service on the individually named defendants on or about March 6, 2018. The physician defendants filed an exception of insufficiency of citation and service of process. Prior to ruling on that exception, the trial court permitted Plaintiff to file an amended petition. Plaintiff filed the amended petition on August 18, 2018, adding the Board of Supervisors as a defendant; and plaintiff then requested service upon the Board of Supervisors. Subsequent to the amending petition being filed, the trial court denied the exception of insufficiency of citation and service of process, and the physician defendants sought supervisory review of that ruling.

Upon review, this Court reversed the trial court's ruling on the exception of insufficiency of citation and service of process. *Wright v. State*, 18-0825 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, *writ denied sub nom. Wright v. State o/b of Alleye*, 18-1931 (La. 1/28/19), 262 So.3d 902. This Court found that the applicable statutes, La. R.S. 13:5107 and La. R.S. 39:1538, required that service on a state employee must be *requested* on one of three designated parties for service of process: (1) the head of the department for the Board of Supervisors; (2) the Office of Risk Management; or (3) the Attorney General of Louisiana. Since Plaintiff only requested service of the original petition on the physician defendants, this Court held that the trial court erred in denying the exception of insufficiency of citation and service of process. *Wright*, 18-0825, pp. 4-6, 258 So.3d at 848-49.

2

Thereafter, on March 13, 2019, Relators filed a peremptory exception of prescription. Following a hearing on the exception, the trial court rendered judgment overruling Relators' exception of prescription and issued written reasons for judgment. Relators now seek review of the trial court's May 8, 2019 judgment.

## DISCUSSION

### *Standard of Review*

"A peremptory exception generally raises a purely legal question." *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800. However, the standard of review of the trial court's ruling on a peremptory exception of prescription depends on whether evidence is introduced at the trial on the exception. *Id.* When no evidence is introduced, a *de novo* standard applies to determine whether the trial court's decision was legally correct; and, "[i]n this context, 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" *Id.*, 17-0413, p. 8, 231 So.3d at 800 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). However, when evidence is introduced, then the manifestly erroneous standard of review applies. *Wells Fargo*, 17-0413, p. 8, 231 So.3d at 800.

### *Prescription*

Relators contend that prescription had run before August 18, 2018, when the amended petition was filed, because naming only the individual physicians and healthcare providers as defendants in the original petition did not preserve Plaintiff's claims against Relators. First, Relators argue that the original petition did not interrupt prescription and the amended petition cannot relate back to that timely-filed, original petition because Medical Malpractice Act does not allow for

3

relation back of pleadings for medical malpractice claims. Additionally, Relators argue that Plaintiff's failure to request or accomplish service on the proper parties within the ninety days of the filing of the petition, as required by La. R.S.. 13:5107 and La. R.S. 39:1538, warrants dismissal without prejudice.

**Interruption and Relation Back**

Relators acknowledge that La. C.C. art. 2324 provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors", but Relators submit that Plaintiff did not allege that the Board of Supervisors were joint tortfeasors with any of the timely named defendants, but rather alleged incorrectly that the physicians and healthcare providers were employees of Touro. Relators thus argue that the amended petition cannot relate back to the original petition to interrupt prescription because the amended petition named a wholly new defendant—the Board of Supervisors. Moreover, Relators argue that relation back cannot apply to these medical malpractice claims. We agree.

As discussed by this Court in *Santiago v. Tulane Univ. Hosp. & Clinic*, 12-1095, pp. 9-13 (La. App. 4 Cir. 4/24/13), 115 So.3d 675, 682-84, the relation back principles of La. C.C.P. art. 1153 do not interrupt prescription in cases brought pursuant to the Medical Malpractice Act ("MMA"). In *Santiago*, the plaintiff filed a complaint with the Louisiana Patient's Compensation Fund and Oversight Board ("PCF") against her surgeon, Dr. Robert Barrack; an unidentified x-ray technician; and their alleged employer/contractor, Tulane University Hospital and Clinic, alleging that plaintiff received fall-related injuries following hip replacement surgery on April 14, 2003. The plaintiff filed the PCF complaint on April 8, 2004; and the medical review panel rendered its decision on July 10, 2006. On July 21, 2006, the plaintiff filed a medical malpractice suit against the same parties named

4

in the PCF complaint and setting forth the same allegations. Subsequently, on March 14, 2007, the plaintiff filed a supplemental and amending petition for damages naming several new defendants for the first time, including four additional physicians; the Administrators of Tulane Educational Fund, as the employer of the named physicians; and four other healthcare providers. In response, the Administrators and the five physician defendants filed an exception of peremption, arguing, *inter alia*, that they should be dismissed with prejudice because the PCF complaint and the original petition did not name them and could not suspend prescription against them. The trial court granted the exception, dismissing the petitions with prejudice. On appeal, the plaintiff argued that the trial court should have applied La. C.C.P. art. 1153[1] to extend La. R.S. 9:5628's three-year limitation, regardless of whether the statute is prescriptive or peremptive in nature. In addressing the plaintiff's arguments, this Court considered *Warren v. Louisiana Med. Mut. Ins. Co.*, 07-0492 (La. 12/2/08), 21 So.3d 186, *on reh'g* (June 26, 2009).

In *Warren*, the Louisiana Supreme Court held that the MMA has no rules allowing relation back of pleadings for medical malpractice claims:

> *LeBreton* [*v. Rabito*, 97-2221 (La. 7/8/98), 714 So. 2d 1226] and *Borel* stand for the proposition that medical malpractice claims are governed by the specific provisions of the Medical Malpractice Act regarding suspension of prescription to the exclusion of the general codal articles on interruption of prescription. These cases are equally applicable here. The expressed reasoning behind the holding in *LeBreton* was that if the general rules on interruption were to apply to a medical malpractice action, "then the prescription and suspension provisions provided in the Medical Malpractice Act will be written out," and "[t]herein lies the conflict." *LeBreton*, supra at 1230. Although La. C.C.P. art. 1153 does not "interrupt" prescription as did

---

[1] La. C.C.P. art. 1153 provides, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition."

5

the general codal articles in *LeBreton* and *Borel,* "relation back" of an untimely filed amended petition directly avoids the application of prescription by allowing a claim that would have otherwise prescribed to proceed. The effect of this interference is that if relation back is allowed, the "prescription and suspension provisions provided in the Medical Malpractice Act will be written out," which, as we recognized in *LeBreton,* presents "a conflict." *LeBreton,* supra at 1230. Further, the application of La. C.C.P. art. 1153 "would potentially subject a health care provider to an indefinite period of prescription, ... a result clearly at odds with the purpose of the [Act]." *Borel, supra* at 68, n. 12. Because medical malpractice actions are governed by the specific provisions of the Act regarding prescription and suspension of prescription, under *Borel,* we find that any general codal article which conflicts with these provisions may not be applied to such actions in the absence of specific legislative authorization in the Act. **The Act has no rules allowing relation back of pleadings for medical malpractice claims.** The application of Article 1153 would permit the adding of a[] plaintiff subsequent to the expiration of the three-year period provided for in La. R.S. 9:5628, and would read out of the statute the prescription and suspension period provisions by La. R.S. 9:5628 and La. R.S. 40:1299.47; therefore, La. C.C.P. art. 1153 may not be applied to the medical malpractice action under the reasoning of *LeBreton* and *Borel.*

*Santiago*, 12-1095, p.13, 115 So. 3d at 684 (quoting *Warren*, 07-0492, 21 So. 3d at 207–08 (footnote omitted)(emphasis added). Consequently, in *Santiago*, this Court held that the plaintiff's claims in her supplemental and amending petition were prescribed as a matter of law, because they were filed more than three years after the date of the alleged malpractice, in violation of La. R.S. 9:5628.

In consideration of this Court's analysis in *Santiago*, we find the MMA has no rules allowing relation back of pleadings for medical malpractice claims and, therefore, in the instant case, the amended medical malpractice petition naming wholly new defendants cannot relate back to the original petition. In addition, Plaintiff's timely-filed original petition did not allege that the Board of Supervisors defendants named in the amended petition were joint tortfeasors with any of the individually named healthcare providers or physicians named as defendants in the

original petition. Thus, the amended petition does not name joint tortfeasors for which prescription would be interrupted, pursuant to La. C.C. art. 2324.

**Requirements of La. R.S. 13:5107 and La. R.S. 39:1538**

Additionally, Relators argue that Plaintiff was required, pursuant to La. R.S. 13:5107 and La. R.S. 39:1538, to timely serve the head of the department for the Board of Supervisors, the Office of Risk Management, and the Attorney General, but failed to do so.

La. R.S. 13:5107(A) and (D) provide, in pertinent part:

A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C).. . .

\*\*\*\*\*

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

7

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.[2]

In support of their argument in this case, Relators rely on this Court's holding in *Velasquez*, *supra*, wherein this Court affirmed the trial court's dismissal of a plaintiff's medical malpractice action for failure to request citation of the head of the department for the Board of Supervisors, the Office of Risk Management, or the Attorney General within ninety days of filing suit.

In *Velasquez*, on April 4, 2007, Mirna Velasquez requested a Medical Review Panel from the Louisiana Division of Administration regarding allegations against Ralph R. Chesson, M.D. Velasquez alleged that after childbirth, Dr. Chesson performed a tubal ligation at University Hospital, but a year after the operation, she became pregnant. Like Respondents in this case, the Division of

---

[2] La. C.C.P. art. 1201(C) provides, in pertinent part:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. . . . The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

La. C.C.P. art. 1672(C) provides, in pertinent part:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Administration notified Velasquez by letter that Dr. Chesson was a qualified state health care provider and subsequently issued a Certificate of Qualification.

After the Medical Review Panel concluded that Dr. Chesson met the standard of care, Velasquez filed a petition on April 5, 2010. Dr. Chesson filed an exception of insufficiency of service of process, asserting that the State was not properly served within ninety days of Velasquez filing suit, which the trial court granted. Velasquez appealed, arguing that Dr. Chesson was not sued in his official capacity as qualified state health care provider.

This Court recognized that La. R.S. 13:5107(D) and La. C.C.P. art. 1201(C) provide that "service shall be requested within ninety days of filing suit where the State or a state agency, officer, **or employee** is a named party." *Velasquez*, 13-1260, pp. 2-3, 151 So. 3d at 814 (emphasis added). This Court also noted that the Code of Civil Procedure provides that "unless good cause is shown, the action shall be dismissed as to the party for whom service has not been timely requested upon sustaining said party's declinatory exception pursuant to La. C.C.P. art. 1672(C)", and "[w]hile a definition for 'good cause' is not provided in art. 1672(C), our jurisprudence has held that 'mere confusion over a party's proper service information is not a sufficient basis for good cause.'" *Velasquez*, 13-1260, p. 3, 151 So. 3d at 814 (quoting *Johnson v. Univ. Med. Ctr. in Lafayette*, 07–1683, p. 2 (La.11/21/07), 968 So.2d 724, 725)(footnotes omitted).

This Court also recognized the reason for the ninety-day requirement was to provide ample notice to defendants:

> As this Court has recognized, the rationale behind the ninety-day notice requirement is obvious: "to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced." [*Llopis v. Louisiana State Bd. of Dentistry*, [20]13–0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214] (quoting

9

> *Anderson v. Norfolk Southern Railway Company*, [20]02–230, p. 4
> (La. App. 4 Cir. 3/27/02), 814 So.2d 659, 661). Thus, unless service is
> made on an authorized recipient, it will be deemed insufficient and
> improper. *Tranchant v. State*, [20]08–0978, p. 10 (La.1/21/09), 5
> So.3d 832, 837 **("[P]laintiffs are strictly held to the obligation of
> serving the correct agent for service of process, [ ] as well as to the
> obligation of serving the named state defendants within the time
> period specified by La. R.S. 13:5107(D)(1).")** (citing *Barnett v.
> Louisiana State Univ. Med. Ctr.–Shreveport*, [20]02–2576, p. 1
> (La.2/7/03), 841 So.2d 725, 726).

*Velasquez*, 2013-1260, pp. 3-4, 151 So. 3d at 814 (emphasis added).

Because University Hospital was a state-owned facility under the supervision and management of the Board of Supervisors, this Court concluded that "**Dr. Chesson is a state-employed physician and at least one of the above entities/persons** [the head of the department for the Board of Supervisors, the Office of Risk of Management, or the Attorney General] **should have been served.**" *Velasquez*, 13-1260, p. 4, 151 So. 3d at 815 (emphasis added).

Additionally, this Court noted that Velasquez "was well aware and amply advised of Dr. Chesson's status as a qualified health care provider" when the Division of Administration notified her by letter of same and issued a Certificate of Qualification. *Id*. This Court also found that the plaintiff was aware of Dr. Chesson's status because the State of Louisiana, through the Board of Supervisors, on behalf of LSU Health Sciences Center, LSU Health Care Services Division and Ralph Chesson, M.D., filed discovery requests, and the plaintiff also had her surgery at University Hospital, a state-owned facility.

Accordingly, this Court held that Velasquez's claim that she sued Dr. Chesson individually[3] was "without merit" because "Dr. Chesson was a qualified

---

[3] This Court noted that even if Velasquez's argument regarding suing Dr. Chesson individually had merit, she served Dr. Chesson at the address for Louisiana State University Lions Center Clinic, which was 1) not Dr. Chesson's correct address; and 2) was "completely contrary to

10

state health care provider at the time the alleged malpractice occurred; therefore, La. R.S. 13:5107 and La. R.S. 39:1538 are applicable." *Id.*, 13-1260, p. 5, 151 So. 3d at 815. Thus, Velasquez's "failure to timely effectuate service on the proper parties warranted dismissal of the suit as plaintiff advanced no compelling reason for her failure to ascertain proper service."[4] *Id.*

Subsequently, in *Wright v. State*, 18-0825 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, *writ denied sub nom. Wright v. State o/b of Alleye*, 18-1931 (La. 1/28/19), 262 So.3d 902, the prior writ opinion in this case, this Court relied on *Velasquez* to find that the trial court erred in denying the exceptions of insufficiency of citation and service of process. Quoting extensively from *Velasquez*, this Court observed:

> Like the instant matter, the plaintiff in *Velasquez* requested service on a state-employed physician, the only named defendant in the action, at his work address, rather than through one of the mandated agents for service of process. The Court noted that "[a] suita against a qualified state health care provider requires service to be effected on: (1) the head of the department for the [Board of Supervisors]; (2) the Office of Risk Management; [and] (3) the Attorney General of Louisiana." *Id.*, p. 4, 151 So.3d at 814. The Court likewise cited *Barnett v. Louisiana State Univ. Med. Ctr. Shreveport*, 02-2576, p.1 (La. 2/7/03), 841 So.2d 725, 726 for the principle that "[P]laintiffs are strictly held to the obligation of serving the correct agent for service of process, [ ] as well as to the obligation of serving the named state defendants **within the time period specified by La. R.S. 13:5107(D)(1)**." *Id.*, pp. 4-5, 151 So.3d at 814.

*Wright*, 18-0825, pp. 4-5, 258 So.3d at 848-49 (emphasis added).

Notably, although no exception of prescription was filed in this case in *Wright*, this Court recognized that "[n]ecessarily, timeliness is *an* issue." *Id.* at n. 3 (emphasis in original). In accordance with the finding that the plaintiff failed to

---

plaintiff's contention that she [was] suing Dr. Chesson in his individual capacity." *Velasquez*, 2013-1260, p. 5, 151 So. 3d at 815, n. 5.

[4] Notably, the Louisiana Supreme Court denied writs. *Velasquez v. Chesson*, 14-2361 (La. 2/27/15) 159 So. 3d 1067.

request service on the proper parties within ninety days, the *Wright* Court determined that service was thus not requested on all named defendants within ninety days, because to hold otherwise, a plaintiff could request service on *anyone* within ninety days and assert compliance with Article 1201(C):

> Clearly, service of process in this matter was not requested on the proper party/parties. Thus, service was not requested "on all named defendants within ninety days of commencement of the action." La. C.C.P. art. 1201 (C). To hold otherwise would be to allow a plaintiff to request service on *anyone* within 90 days of filing an action and technically comply with the requirement of the article.

*Id*. at n. 3 (emphasis in original).

The plain language of La. R.S. 13:5107(D)(1) states that service "shall" be requested on at least one of the three specified State entities within ninety days of the commencement of the action. Thus, according to the plain language of the statute and following this Court's relevant, applicable jurisprudence,[5] we find that the Plaintiff failed to comply with the service requirements within the mandated time period. Thus, we find that the trial court erred in denying Relators' exception of prescription.

## CONCLUSION

Due to the Plaintiff's failure to request service on a State agency within ninety days of commencement of the action, we grant the Relators' writ, reverse the trial court's judgment, and dismiss the Respondent's claims with prejudice.

**WRIT GRANTED; RULING REVERSED**

---

[5] Also, in this Court's recent *en banc* decision in *Brown v. Chesson*, 19-0447 (La. App. 4 Cir. 4/24/20), __ So.3d __, 2020 WL 2568460, this Court upheld and relied on the holdings in *Velasquez* and *Wright*, in holding that the trial court erred in denying defendant's exceptions of insufficiency of citation and service.